**BROWN & KERR, INC., and American Mutual Liability Insurance Company, et al., Appellants,**

v.

**Edward W. ASHABRANER and Workmen's Compensation Board of Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

William D. Grubbs, Woodward, Hobson & Fulton, Louisville, for appellants.

John Frith Stewart, Louisville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

OSBORNE, Judge.

This is an appeal from the Jefferson Circuit Court which reversed an opinion and award of the Workmen's Compensation Board.

The only issue in this case is the extent of permanent disability benefits a claimant is entitled to where he is working full time at a different job and at a greater wage than he was receiving prior to his injury.

The appellee, Ashabraner, filed an application for workmen's compensation benefits on November 19, 1969. The claimant was employed by Brown & Kerr, Inc. as a journeyman roofer and was being paid $3.90 per hour at the time of his injury.

He injured his right ankle and foot when he fell through an opening in a roof on August 28, 1968.

Dr. Zoeller was the only physician who testified. He found claimant to have a fracture of the oscalcis and ankylosis of the subtalar joint. He testified that the claimant had a permanent functional impairment to the body as a whole of 20%, and was of the opinion that the ankle joint was going to wear out rapidly.

Ashabraner returned to work in May of 1969 for the same employer and worked there until elected business agent of the local union on July 30, 1969. As business agent he received $5.50 per hour and worked a 40-hour week. The Workmen's Compensation Board awarded him $47.00 per week for the period of August 28, 1968 to May 15, 1969, with interest at 6%, and medical, hospital, and surgical expenses not to exceed $3,500. They made no award for permanent disability. On appeal to the circuit court judgment was entered which directed an award granting the claimant benefits for total permanent disability.

Under the holding in Osborne v. Johnson, 432 S.W.2d 800 (Ky.1968), the circuit court in the instant case incorrectly adjudged that the board erred. This court, in the *Osborne* case, laid down certain guidelines to be used in determining future impairment of earning capacity when the workman has suffered a permanent injury of appreciable proportions. In view of the medical proof in this case, we are of the opinion that claimant suffered an injury of appreciable proportions. Dr. Zoeller, who was the only medical witness, testified he had 20% functional impairment to the body as a whole, and was of the opinion this would increase with time. We are of the opinion under those facts it was unreasonable for the board not to make some award. We are likewise of the opinion the circuit court was in error in fixing disability to be total. See Winn Dixie Louisville, Inc. v. Watson, et al., 473 S.W.2d 148 (decided November 19, 1971).

For the foregoing reasons the judgment of the circuit court is reversed with directions to remand the case to the board to fix the percentage of permanent partial disability under the rules stated in Osborne v. Johnson, supra.

The judgment is reversed.

All concur.